IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBIN GILLEN STARR,

       Petitioner,                         No. 2: 12-cv-0457 KJN P

     vs.

STATE OF CALIFORNIA, et al.,

       Respondents.               ORDER

_____/

        Petitioner is a state prisoner, proceeding without counsel, with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is plaintiff's July 30, 2012 motion for recusal of the undersigned from this action. Plaintiff objects to orders issued by the undersigned in this action.

        A judge is required to disqualify himself if his impartiality might reasonably be questioned, 28 U.S.C. § 455(a), or if he has a personal bias or prejudice against a party, 28 U.S.C. § 455(b)(1). Remarks made during the course of a judicial proceeding that are critical or hostile to a party or his case ordinarily will not support a bias or partiality claim unless they reveal an extrajudicial source for the opinion, or "such a high degree of favoritism or antagonism as to make fair judgment impossible." Liteky v. United States, 510 U.S. 540, 554 (1994.) The decision regarding disqualification is made by the judge whose impartiality is at issue. In re

1

1 Bernard, 31 F.3d 842, 843 (9th Cir. 1994).

2     Where the source of alleged bias or prejudice is a judicial proceeding, plaintiff must show a disposition on the part of the judge that "is so extreme as to display clear inability to render fair judgment." Liteky, 510 U.S. at 541. "Opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." Id. at 555. Bias is not found where the judge has expressed anger or dissatisfaction or annoyance that are within the bounds of reasonable behavior. Id.

    This undersigned's actions in this case do not support disqualification. The actions taken were an appropriate response to filings. The undersigned's rulings do not reflect an extreme disposition or deep-seated antagonism. They do not reflect animosity, partiality, or inability to render a fair judgment in the instant action. They do not indicate bias, personal or otherwise, or prejudice, personal or otherwise.

    Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for recusal (Dkt. No. 39) is denied.

DATED: August 3, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

st457.rec