IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBIN GILLEN STARR,

    Petitioner,               No. 2: 12-cv-00457 KJN P

    vs.

STATE OF CALIFORNIA, et al.,     ORDER AND

    Respondents.          FINDINGS AND RECOMMENDATIONS

                             /

I. Introduction

        Petitioner is a state prisoner, proceeding without counsel, with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This action is proceeding on the second amended petition filed June 7, 2012. (Dkt. No. 19.) Petitioner challenges his 2009 Yolo County conviction for unlawful morphine possession, a violation of California Health and Safety Code § 11350(a), to which he plead no contest. Petitioner also admitted a prior serious or violent felony conviction for sentencing purposes. Petitioner is serving a sentence of eight years.

        Petitioner raises four claims. In claim one, petitioner alleges a Fourth Amendment claim regarding his arrest. In claim two, petitioner alleges a violation of the Double Jeopardy Clause. In claim three, petitioner alleges ineffective assistance of counsel. In claim four, petitioner alleges that his plea was involuntary.

1

Pending before the court is respondent's August 30, 2012 motion to dismiss on grounds that this action is barred by the statute of limitations. (Dkt. No. 63.) For the following reasons, the undersigned recommends that respondent's motion be granted.

II. Motion to Dismiss

Title 28 U.S.C. § 2244(d) provides for a one-year period of limitations for state prisoners to file a federal petition for writ of habeas corpus. That section provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).

On December 11, 2009, petitioner plead no contest to violating California Health and Safety Code § 11350 and admitted a prior serious or violent felony. (Respondent's Lodged Document 2 at 406-08.) On January 25, 2010, petitioner was sentenced to eight years imprisonment, but execution of that sentence was stayed in favor of a grant of probation for a term of five years. (Id. at 409.)

In California, a defendant who enters a plea of guilty or no contest has sixty days to appeal his conviction, provided certain conditions are met. See Cal. Penal Code § 1237.5; Cal.Rules of Court, Rule 8.308(a). Petitioner did not appeal the January 25, 2010 judgment.

On November 16, 2010, petitioner was found guilty of violating probation. (Respondent's Lodged Document 6 at 149-50.) On January 25, 2011, the court terminated the

grant of probation and imposed the previously stayed prison sentence of eight years. (Id. at 166.)

Petitioner appealed the January 25, 2011 judgment which the California Court of Appeal affirmed on December 28, 2011. (Respondent's Lodged Document 8.)

All four claims raised in the instant petition challenge the validity of the January 25, 2010 judgment. Because petitioner did not appeal this judgment, his conviction became final on the sixtieth day following imposition of the judgment, i.e., on March 26, 2010.[1] The limitations period for filing a federal habeas petition expired one year later on March 26, 2011. Petitioner filed his original petition in this action on January 10, 2012. (Dkt. No. 1.) This action is not timely unless petitioner is entitled to statutory or equitable tolling.

Title 28 U.S.C. § 2244(d)(2) provides that the time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation. Petitioner filed twenty state habeas petitions concerning the at-issue conviction. (Respondent's Lodged Documents 9-28.)

Pursuant to the mailbox rule, petitioner's first state petition was filed on April 7, 2011. (Respondent's Lodged Document 11.) Because this petition as well as petitioner's other state habeas petitions were filed after the statute of limitations expired on March 26, 2011, petitioner is not entitled to statutory tolling. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit reinitiation of the limitations period that has ended before the state petition was filed"); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001) (state habeas petition filed after the statute of limitations ended "resulted in an absolute time bar").

---

[1] The fact that the trial court suspended the execution of petitioner's sentence has no bearing on the finality of his conviction. In California, an order of probation is a final judgment for purposes of filing an appeal. See People v. Mazurette, 24 Cal.4th 789, 792 (2001). Thus, when an order granting probation is issued, the clock starts running on any appeal. See People v. Amons, 125 Cal.App.4th 855, 868-69 (Cal.App. 2005). Moreover, in the second amended petition, petitioner makes clear that he is challenging his conviction and sentence, and does not raise any issues concerning his probation revocation.

1        The undersigned next considers whether petitioner is entitled to equitable tolling.

2        Following the filing of respondent's motion to dismiss, petitioner filed several pleadings.  (See September 14, 2011 motion to compel (Dkt. No. 70); September 19, 2012 motion for release (Dkt. No. 73); September 24, 2012 opposition to motion to dismiss (Dkt. No. 74); September 24, 2012 request for ruling (Dkt. No. 75); September 27, 2012 exhibits (Dkt. No. 77); September 28, 2012 declaration (Dkt. No. 78); September 27, 2012 reply (Dkt. No. 79)).  In none of these pleadings nor in the second amended petition does petitioner argue that he is entitled to equitable tolling.  Accordingly, the undersigned finds that petitioner is not entitled to equitable tolling.

        For the reasons discussed above, the undersigned finds that this action is barred by the statute of limitations and recommends that respondent's motion to dismiss be granted.

III.  <u>Other Pending Motions</u>

        Petitioner has three pending motions for appointment of counsel.  Because respondent's motion to dismiss should be granted, the motions for appointment of counsel are denied.

        On August 15, 2012, petitioner filed a second motion requesting that the undersigned recuse himself.  (Dkt. No. 53.)  In this motion, petitioner alleges that the undersigned is prejudiced against petitioner.  (Id.)  On July 30, 2012, petitioner filed his first motion for recusal of the undersigned.  (Dkt. No. 39.)  In this motion, petitioner objected to orders issued by the undersigned.  On August 6, 2012, the first motion for recusal was denied.  (Dkt. No. 40.)

        The undersigned has issued no orders in this action since the August 6, 2012 order denying the first motion for recusal.  For that reason, it is difficult to determine whether the pending motion for recusal is merely duplicative of the first motion for recusal or a request for reconsideration of the August 6, 2012 order.  In an abundance of caution, the undersigned construes the pending motion for recusal as a request for reconsideration of the August 6, 2012

1  order denying the first motion for recusal.

2  Although motions to reconsider are directed to the sound discretion of the court, Frito-Lay of Puerto Rico, Inc. v. Canas, 92 F.R.D. 384, 390 (D.C. Puerto Rico 1981), considerations of judicial economy weigh heavily in the process. Thus Local Rule 230(j) requires that a party seeking reconsideration of a district court's order must brief the "new or different facts or circumstances [which] were not shown upon such prior motion, or what other grounds exist for the motion." The rule derives from the "law of the case" doctrine which provides that the decisions on legal issues made in a case "should be followed unless there is substantially different evidence . . . new controlling authority, or the prior decision was clearly erroneous and would result in injustice." Handi Investment Co. v. Mobil Oil Corp., 653 F.2d 391, 392 (9th Cir. 1981).

In the pending motion, petitioner has presented no new grounds in support of the motion for recusal. For that reason, the request for reconsideration of the August 6, 2012 order denying petitioner's first motion for recusal is denied.

Petitioner has filed various other motions with the court, as indicated above. Because respondent's motion to dismiss should be granted, there is no need to address these other pending motions.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motions for appointment of counsel (Dkt. Nos. 48, 52, 65) are denied;

2. Petitioner's motion for recusal (Dkt. No. 53), construed as a request for reconsideration of the August 6, 2012 order denying petitioner's previous motion for recusal, is denied;

3. The Clerk of the Court is directed to appoint a district judge to this action; and

////

////

IT IS HEREBY RECOMMENDED that respondent's motion to dismiss (Dkt. No. 63) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 18, 2012

_/s/ Kendall J. Newman_
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

st457.157